1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   THOMAS JOHN HEILMAN,

11              Plaintiff,                    No. CIV S-09-0197 GGH P

12        vs.

13   M. FISHER, et al.,

14              Defendants.            <u>ORDER</u>

15   _____/

16              Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  On February 4, 2009, plaintiff consented to the jurisdiction of the

18   undersigned.

19              Pending before the court is the second amended complaint filed July 1, 2009.  For

20   the following reasons, the court orders this action dismissed.

21              Plaintiff alleges that he was found guilty of two separate rules violations.  Both

22   rules violations were later reduced to disciplinary chronos and placed in plaintiff's central file.

23   Plaintiff's complaint alleges that defendants' conduct during the disciplinary proceedings

24   violated his right to due process in several ways: 1) the defendants who first made the

25   disciplinary charges filed false reports; 2) there was insufficient evidence to support the

26   information in the chronos; 3) following both hearings, defendants failed to preserve the

1

1   evidence submitted by plaintiff at the disciplinary hearings; 4) the staff assistants appointed to

2   assist him in the hearings were ineffective; 5) defendants placed the chronos in plaintiff's file,

3   rather than completely dismissing the charges, in an attempt to cover-up the wrongdoing of the

4   reporting employees.

5           The Due Process Clause protects prisoners from being deprived of liberty without

6   due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of

7   action for deprivation of due process, a plaintiff must first establish the existence of a liberty

8   interest for which the protection is sought. "States may under certain circumstances create liberty

9   interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472,

10  483-84 (1995).  Liberty interests created by state law are generally limited to freedom from

11  restraint which "imposes atypical and significant hardship on the inmate in relation to the

12  ordinary incidents of prison life." Sandin, 515 U.S. at 484.

13          Plaintiff made similar due process claims in the original complaint.  In the March

14  2, 2009, order dismissing the due process claims with leave to amend, the court stated that it did

15  not find that the placement of counseling chronos in plaintiff's file constituted an atypical and

16  significant hardship in relation to the ordinary incidents of prison life.  The court found that the

17  placement of counseling chronos in plaintiff's file was a minor hardship with no significant

18  impact on plaintiff's daily life in prison.  For that reason, plaintiff had no liberty interest entitling

19  him to procedural due process at his prison disciplinary hearings.

20          In the second amended complaint, plaintiff argues that the Board of Parole

21  Hearings (BPH) could use the chronos as grounds to find him unsuitable for parole.  For this

22  reason, plaintiff argues that he had a liberty interest entitling him to due process at the

23  disciplinary hearings.

24          In Sandin, the Supreme Court held that a misconduct charge in the plaintiff's

25  disciplinary record did not "inevitably affect the duration of his sentence" because the parole

26  board was not required to deny parole in the face of a misconduct record or to grant parole in its

2

1  absence, and the procedural protections afforded a prisoner by state law enabled him to explain

2  the circumstances behind the misconduct record at his parole hearing.  Id. at 487, 115 S.Ct. at

3  2302.  Thus, plaintiff must demonstrate that the chronos "invariably affect the duration of his

4  sentence."  Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007), citing Keenan v. Hall, 83 F.3d

5  1083, 1089 (9th Cir. 1996).

6       In the instant case, plaintiff has not made the requisite showing. The chronos are

7  not the type documents that would "inevitably" lead to the denial of parole.  See Sandin, 515

8  U.S. at 487, 115 S.Ct. at 2302.  While post-incarceration misconduct is relevant to an inmate's

9  suitability for parole, it is only one of the factors the parole board must consider.  Cal.Code Regs.

10  tit. 15, § 2402.  Moreover, plaintiff will have the opportunity to explain the precise nature of his

11  chronos at his parole suitability hearings.  The likelihood that he will be found unsuitable for

12  parole based on these chronos is "simply too attenuated to invoke the procedural guarantees of

13  the Due Process Clause."  Sandin, 515 U.S. at 487, 115 S.Ct. at 2302.  For these reasons,

14  plaintiff's due process claims are dismissed.

15       Plaintiff alleges that defendants refused to process his administrative appeals

16  challenging the chronos and improperly recategorized them.  "[I]nmates lack a separate

17  constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334

18  F.3d 850, 860 (9th Cir.2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988)).  For this

19  reason, plaintiff has not stated a colorable due process claim regarding the alleged mishandling of

20  his grievances.

21       Plaintiff also alleges that defendants violated the Eighth Amendment by making

22  the false disciplinary reports and placing the false chronos in his central file.  "[T]he unnecessary

23  and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the

24  Eighth Amendment."  Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citing Whitley

25  v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986)).  These allegations do not state an Eighth

26  Amendment claim.

1    Finally, plaintiff alleges that the officers who made the reports leading to the

2  disciplinary charges were engaging in retaliatory conduct.  However, the second amended

3  complaint contains no allegations to support a retaliation claim.  Mere conclusions of

4  hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation

5  because of the exercise of the prisoner's constitutional rights."  Frazier v. Dubois, 922 F.2d 560,

6  562 (n. 1) (10th Cir. 1990).  Accordingly, the retaliation claim is dismissed.

7    Because plaintiff has already had two opportunities to amend his complaint, and it

8  does not appear that he can cure the pleading defects, the court orders this action dismissed.

9    IT IS HEREBY ORDERED that this action is dismissed.

10  DATED:   August 17, 2009

11

12                                    /s/ Gregory G. Hollows

                                      _____
13                                    UNITED STATES MAGISTRATE JUDGE

14

15  hei197.57

16

17

18

19

20

21

22

23

24

25

26